E-FILED
Monday, 03 August, 2026  08:58:58 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **CHARLES FLYNN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-3387** |
| | ) | |
| **ANDY DAVIS** *et al.,* | ) | |
| **Defendants.** | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended Complaint (Doc. 6) filed under 42 U.S.C. § 1983 by Charles Flynn, who resides at Decatur Transitional Housing Complex.

## I.  Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing a complaint, the court accepts the factual allegations as true and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II.    Facts Alleged

Plaintiff's amended pleading names twenty individuals employed by the Illinois Department of Corrections ("IDOC") at three IDOC facilities and in Springfield, Illinois. Specifically, Plaintiff alleges constitutional violations at Jacksonville Correctional Center ("Jacksonville") against Counselor Assessment Specialist Andy Davis, Major Charles Jurgens, Library Associate Debbie Ross, and Corrections Sergeant Thompson.

Plaintiff also alleges constitutional violations at Graham Correctional Center ("Graham") against Corrections Officers Brent and Plunkett, former Warden Steven Campbell, Library Associate Sarah Green, Program Educator Counselor William Honnes, Grievance Counselor Lanthrop, Educational Facility Administrator Metzger, Placement Officer Patrick, Counselor Assessment Specialist Derek Roland, Grievance Counselor Yates; and Dean of Lakeland College Mary Zumwalt.

Plaintiff further alleges constitutional violations at Taylorville Correctional Center ("Taylorville") against Library Associate Kristine Hunt,

Plaintiff further names Administrative Review Board Chairpersons Jeremy Burnett, Margaret Madole, and Ryan Nothnagle, and Illinois Department of Corrections Director ("IDOC") Latoya Hughes.

Plaintiff's pleading concerns § 3-6-3 of the Illinois Unified Code of Corrections ("Code"), which grants Defendant Hughes, as IDOC Director of Corrections, or her designee, the discretion to grant an inmate an additional 365 days of sentencing credit for inmates serving a sentence of more than five years. In January 2020, Plaintiff was

sentenced to concurrent terms of seventeen and five years for burglary and theft, respectively. *People v. Flynn*, 2021 IL App (4th) 200172-U, ¶ 2 (Ill. App. 4 Dist. 2021). Specifically, § 3-6-3 of the code authorizes, in part, as follows:

> The Director may grant this credit for good conduct in specific instances as either Director deems proper for eligible persons in the custody of each Director's respective Department. The good conduct may include, but is not limited to, compliance with the rules and regulations of the Department, service to the Department, service to a community, or service to the State.

> Eligible inmates for an award of earned sentence credit under this paragraph (3) may be selected to receive the credit at either Director's or his or her designee's sole discretion.

*Id.*

### C. Analysis

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6) is granted.

Plaintiff asserts a due process violation, claiming that he was deprived of the opportunity to earn good conduct credit based on his eligibility for various IDOC programs, which prolonged his sentence.

Good-time credits that have yet to be awarded, or parole that is promised in the future but is entirely discretionary, are not liberty interests protected by the Due Process Clause. *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001); *see also Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (holding that a "deprivation of the opportunity to earn good time credits . . . is not a constitutional violation"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) ("[A prisoner] has no due process interest in the

opportunity to earn good time credits." (citing *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (holding that if "the State's action will inevitably affect the duration of [the] sentence," there is due process protection, but that there is no such protection for an action that merely might affect the duration of the sentence))).

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file a second amended complaint. If Plaintiff decides to file a second amended complaint, the pleading must be attached to his motion, shall not exceed ten pages total, and shall be the only exhibit appended to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different

defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). Thus, if Plaintiff intends to allege claims that occurred at Jacksonville, Graham, or Taylorsville, he must file separate complaint for each facility, and pay the respective filing fees.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6) is GRANTED.**

2) **Plaintiff's Amended Complaint is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

3) **Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of the Court's Merit Review Order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case.**

ENTERED August 3, 2026.


s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE