E-FILED
Wednesday, 21 October, 2026 02:15:51 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **CHARLES FLYNN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-3387** |
| | ) | |
| **ANDY DAVIS *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Second Amended Complaint (Doc. 13) filed by Charles Flynn, a Springfield, Illinois, resident. The Court construes Plaintiff's filing as a Motion for Reconsideration for the following reasons.

## I. Background

In December 2025, Plaintiff filed a Complaint (Doc. 1), which he later sought leave to amend (Doc. 6). During screening, the Court noted that Plaintiff's amended pleading identified twenty individuals employed by the Illinois Department of Corrections ("IDOC") at three IDOC facilities and in Springfield, Illinois. Plaintiff's amended pleading concerned § 3-6-3 of the Illinois Unified Code of Corrections ("Code"), which granted the IDOC Director of Corrections, or her designee, the discretion to grant an inmate an additional 365 days of sentencing credit for those serving a sentence of more than five years. Plaintiff claimed he was deprived of the opportunity to earn good-

conduct credit based on his eligibility for various IDOC programs, which prolonged his sentence.

The Court dismissed Plaintiff's amended pleading, noting that sentencing credits that have yet to be awarded, or parole that is promised in the future but is entirely discretionary, are not liberty interests protected by the Due Process Clause. *See Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001) (noting that good-time credits that have yet to be awarded or parole that is promised in the future but is entirely discretionary, are not liberty interests protected by the Due Process Clause); *see also Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (holding that a "deprivation of the opportunity to earn good time credits . . . is not a constitutional violation").

Despite the Court's dismissal, Plaintiff was granted an extension to file a second amended pleading. The Court also informed Plaintiff that he must file separate complaints for each IDOC location where he asserts a constitutional rights violation. (Doc. 8.)

## II. Analysis

Plaintiff's second amended pleading (Doc. 13) is an exact copy of his amended pleading (Doc. 6), except for an added paragraph at the end of the pleading, in which he objects to the Court's dismissal, asserting his facts were sufficient to state a Fourteenth Amendment due process claim under § 3-6-3 of the Code. (Doc. 13 at 24-25.) The Court construes Plaintiff's filing as a Motion to Reconsider.

"[A] district judge may reconsider an interlocutory order at any time before final judgment." *Terry v. Spenser*, 888 F.3d 890, 892 (7th Cir. 2018); *see also* Fed. R. Civ. P. 54(b) (providing that nonfinal orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *Roberts v. Winder*, 16 F.4th 1367, 1385 (10th Cir. 2021) (noting that when asked to reconsider interlocutory orders, district courts are not constrained by the "strict standards" of Rule 59(e) or 60(b)).

The Court notes that despite Plaintiff's objections, he has attempted to raise his sentencing credit claims in two other cases in this district—*Flynn v. Britton*, case No. 26-3141, and *Flynn v. IDOC*, case No. 25-3202. In both cases, as in this case, the Court rejected Plaintiff's argument that he has a Fourteenth Amendment right to earn sentencing credits. Plaintiff's Motion for Reconsideration does not raise any persuasive claim to alter the Court's analysis in its Merit Review Order. Thus, Plaintiff's Motion to Reconsider (Doc. 13) is denied.

Accordingly, because the Court finds that any further amendment to the claim Plaintiff raised in his amended pleading would be futile, the Court dismisses Plaintiff's case. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where

the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Reconsideration (Doc. 13) is DENIED.**

2) **Plaintiff's case is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim. Because the Court finds any further amendment would be futile, the Clerk of the Court is DIRECTED to close this case and enter judgment.**

3) **This Court's dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to record Plaintiff's strike in the three-strike log.**

4) **Plaintiff remains responsible for paying the remaining $350 filing fee.**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal.**

ENTERED October 21, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE